**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-663-GCM
(3:01-cr-193-GCM-1)**

| | |
|---|---|
| **MICHAEL LAMONT POOLE,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on a status review following Petitioner's failure to respond to the Court's order of July 7, 2014, in which the Court noted that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, appeared to be time-barred. (Doc. No. 4).

Petitioner Michael Lamont Poole committed six separate bank robberies and on May 17, 2002, as to each robbery, he subsequently pled guilty in this Court to one count of bank robbery, 18 U.S.C. § 2113(a), one count of armed bank robbery, 18 U.S.C. § 2113(d), and one count of using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). On March 19, 2003, this Court sentenced Petitioner to 188 months of imprisonment on each of the bank robbery counts, each to run concurrently with one another; to a seven-year sentence on the first § 924 count for one of the robberies; and to 25-year sentences on the remaining five § 924(c) counts, to run consecutively to one another and to all other counts. Judgment was entered on April 3, 2003. Petitioner appealed and on May 18, 2004, the Fourth Circuit Court of Appeals affirmed the conviction but vacated the six separate 188-month sentences for bank robbery,

1

finding that the counts for bank robbery under § 2113(a) are lesser-included offenses of the counts for armed bank robbery under § 2113(d). United States v. Poole, 96 Fed. App'x 897 (4th Cir. 2004). Petitioner did not file a petition for writ of certiorari with the Supreme Court.

On or around May 2, 2013, Petitioner placed the § 2255 petition in the prison system for mailing, and the petition was stamp-filed in this Court on May 6, 2013. In the petition, Petitioner alleges as the sole ground for relief that his attorney was ineffective during the plea bargaining process in violation of Missouri v. Frye, 132 S. Ct. 1399 (2012). On July 7, 2014, this Court entered an order finding that the petition appeared to be time-barred. Specifically, the Court noted that Petitioner was convicted on April 3, 2003, the Fourth Circuit Court of Appeals affirmed the conviction in part and vacated it in part on May 18, 2004, and Petitioner did not file a petition for writ of certiorari with the Supreme Court. The Court noted that Petitioner's conviction therefore became final 90 days after May 18, 2004. See Clay v. United States, 537 U.S. 522 (2003). The Court noted that because Petitioner did not file the petition until more than one year after his conviction became final, the petition appeared to be time-barred. The Court also noted that the petition was not signed under penalty of perjury. The Court granted Petitioner twenty days in which to respond to the Court's order, and the Court warned Petitioner that the petition would be subject to dismissal without further notice if Petitioner did not respond. Petitioner has failed to respond to the Court's order. Thus, the petition will, therefore, be dismissed with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 15, 2014

Graham C. Mullen
United States District Judge