IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:01-CR-00193-GCM

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL LAMONT POOLE,<br><br>    Defendant. | <u>ORDER</u> |

**THIS MATTER** comes before the Court upon Defendant Michael Lamont Poole's pro se "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (ECF Doc. 69), which was filed on May 17, 2021. The Government filed its response (ECF Doc. 73) on July 15, 2021. For the reasons indicated herein, the Court finds that the Motion should be denied.

### I. BACKGROUND

Poole pleaded guilty to six counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and six counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), after a series of six armed bank robberies that occurred during August and September 2001. Relevant to this Motion, the Court sentenced Poole to a consecutive term of eighty-four months in prison on his first Section 924(c) firearm offense and consecutive terms of twenty-five years in prison for the remaining five Section 924(c) firearm offenses.

Also relevant to this Motion, during one of the bank robberies at issue Poole pointed his gun at tellers. During another bank robbery he fired three shots from his gun and shot a bank customer in the thigh. Additionally, Poole had already been convicted of five previous counts of bank robbery with a dangerous weapon and one previous count of attempted bank robbery with a

dangerous weapon. Further, while imprisoned, Poole has incurred numerous disciplinary citations, with several of those citations being for violent activity. Poole now requests that the Court reduce his sentence, arguing that his Section 924(c) sentence "stacking" constitutes extraordinary and compelling circumstances that warrant a sentence reduction. The Government opposes Poole's Motion. Any additional relevant facts are set forth in the discussion below.

## II. DISCUSSION

In his Motion, Poole argues that the Court should exercise its discretion to reduce his sentence pursuant to the First Step Act. For purposes of this Motion, the First Step Act made two relevant changes to sentencing. First, prior to the First Step Act, sentences under Section 924(c) were "stacked" such that there was a five- to ten-year mandatory minimum for the first offense and a consecutive twenty-five-year sentence was imposed for subsequent convictions. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020). After the First Step Act, the twenty-five-year sentence for subsequent violations was clarified to apply only when a prior Section 924(c) conviction arises from a separate case and has already become final. *Id.* But that change was not made retroactive for sentences such as Poole's, which were imposed before the First Step Act became law. *Id.* Second, the First Step Act changed the statute so that a court could reduce a defendant's sentence for "extraordinary and compelling reasons" upon a defendant's motion, rather than only upon motion from the Bureau of Prisons. *See id.*[1] These changes are relevant to the present Motion because, although the amendment to "stacking" was not made retroactive, Poole has filed this Motion, arguing that the Court should use its discretion to find that the previous

---

[1] This change still requires that a defendant has either exhausted his administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or has waited thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. Here, there is no dispute that Poole exhausted his administrative remedies.

"stacking" guidelines constitute extraordinary and compelling reasons warranting a sentence reduction.

Under Section 3582(c)(1)(A), a district court may reduce a sentence if: (1) the reduction is warranted by "extraordinary and compelling reasons"; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the Section 3553(a) sentencing factors merit a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *McCoy*, 981 F.3d at 280. The Fourth Circuit has recently found that there is no applicable policy statement from the Sentencing Commission where the defendant files such a motion because the Sentencing Commission's last policy statement was issued prior to the First Step Act becoming law. *McCoy*, 981 F.3d at 284. The Fourth Circuit also found that district courts have permissibly treated the severity of Section 924(c) sentences, and the corresponding disparity between pre-First Step Act Section 924(c) sentences and post-First Step Act Section 924(c) sentences, as "extraordinary and compelling reasons" to reduce a sentence under Section 3582(c)(1)(A). *Id.* at 286. This is not to say that "'*all* defendants convicted under § 924(c) should receive new sentences,' but that the courts should be empowered to 'relieve *some* defendants of those sentences on a case-by-case basis.'" *Id.* at 287 (quoting *United States v. Bryant*, No. 95-202-CCB-3, 2020 WL 2085471, at *5 (D. Md. Apr. 30, 2020)).

Here, the Court does not find that a reduction of Poole's Section 924(c) sentences is warranted. Poole was subject to the "stacking" that occurred prior to the First Step Act, but the Court is not required to reduce his sentences since the changes made in the First Step Act were not retroactive for cases such as Poole's. In considering all the relevant Section 3553(a) factors, the Court finds that the factors do not favor reducing Poole's Section 924(c) sentences. Poole's sentences reflect the seriousness of his offenses, including the violent and dangerous nature of his

offenses. Additionally, during his imprisonment, Poole has committed numerous disciplinary infractions, including violent disciplinary infractions. Not only is Poole's sentence length necessary to promote respect for the law, provide just punishment for the offense, and afford adequate deterrence, but it is necessary to protect the public from further crimes. After considering the circumstances of this case, Poole's Motion requesting a sentence reduction for his Section 924(c) offenses should be denied.

### III. ORDER

**IT IS THEREFORE ORDERED** that Defendant Michael Lamont Poole's pro se "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (ECF Doc. 69) is **DENIED.**

**SO ORDERED.**

Signed: August 17, 2021

Graham C. Mullen
United States District Judge