# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:01-CR-00193-GCM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LAMONT POOLE,<br><br>Defendant. | **ORDER** |

This matter is before the Court on Defendant Michael Lamont Poole's Motion for Compassionate Release (Doc. No. 101) pursuant to 18 U.S.C. § 3582(c)(1)(A). Upon careful consideration of the arguments submitted by the parties, Defendant's Motion is **DENIED**.

## I.  BACKGROUND

In 2001, Defendant Poole committed six armed bank robberies in Charlotte, North Carolina. *See U.S. v. Poole*, 96 F. App'x 897, 898 (4th Cir. 2004). At the time Defendant committed these offenses, he had previously been convicted of five counts of robbery with a dangerous weapon and one count of attempted robbery with a dangerous weapon. (*See* Doc. No. 74.)

A federal grand jury indicted Defendant, charging him with six counts of armed bank robbery in violation of 18 U.S.C. § 2113(d), and six counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. No. 14.) Defendant pled guilty to each of the charged offenses. (Doc. No. 74.) This Court sentenced him to concurrent terms of 188 months in prison for the bank-robbery offenses; a consecutive sentence of 84 months in prison for the first § 924(c) firearm offense; and consecutive terms of 25 years in prison for the

remaining five § 924(c) firearm offenses; for an aggregate sentence of 1,772 months in prison. (Doc. Nos. 39, 51.)

Defendant has incurred 32 disciplinary citations between 2003 and 2019 while in the custody of the Bureau of Prisons. (*See* Doc. No. 104-1.) These include three citations for assault without serious injury, two citations for fighting, and five citations for threatening bodily harm. (*See id.*) Defendant has completed 48 educational programs, including drug education, and has obtained his GED. (*See* Doc. No. 104-2.)

In March of 2021, Defendant submitted a request for compassionate release to the Warden of his Bureau of Prisons institution on the basis that there were disparities in the application of sentencing credits that would warrant a reduction in his sentence. (Doc. No. 104-3.) The Warden denied his application. (Doc. No. 104-4.) In May of the same year, Defendant filed a motion for compassionate release. (Doc. No. 69.) This Court denied Defendant's motion in August of 2021, finding that several factors did not weigh in favor of reducing Defendant's sentence. (Doc. No. 74.) Defendant is again requesting this Court grant him compassionate release. (Doc. No. 101.)

## II. DISCUSSION

### A. Standard of Review

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's sentence, after considering the sentencing factors in § 3553(a), if the court determines that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement applicable to compassionate release requests is Sentencing Guidelines § 1B1.13. While the Fourth Circuit held in *United States v. McCoy* that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate

2

release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission has since amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

A defendant may seek a modification of his sentence as described above only after the defendant "upon motion of the Director of the Bureau of Prisons, or upon the motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is a non-jurisdictional claim-processing rule that may be waived or forfeited by the Government. *United States v. Muhammad*, 16 F. 4th 126, 130 (4th Cir. 2021). When the Government raises the issue of exhaustion, the burden shifts to the defendant to show that he has exhausted his administrative remedies with the Bureau of Prisons or show that 30 days have passed since making his compassionate release request. *See United States v. Huitt*, No. 3:16-CR-206-MOC, 2021 WL 2226486, at *1 (W.D.N.C. June 2, 2021); *United States v. Memsen*, No. 1:17-CR-00077-MR-WCM, 2022 WL 1494992 (W.D.N.C. May 11, 2022); *United States v. Stacks*, No. 3:11-CR-00371-FDW-DCK, 2024 WL 2809353 (W.D.N.C. May 31, 2024).

### B. Analysis

Defendant's current motion for compassionate release appears to be premised on the same argument as his first motion in 2021. (*See* Doc. No. 102.) Defendant states he has "924(c) stacking and a 147 year 9 month sentencing . . . . I truly believe the new law set in No. 1, 2023 fit my case." (Doc. No. 101.)

The Government opposes Defendant's motion, arguing that Defendant has not demonstrated that he has exhausted his administrative remedies, and that he has not identified any extraordinary and compelling reasons to justify compassionate release. (*See* Doc. No. 104.) Since the Government properly raised the issue of exhaustion, the burden is on Defendant to show that he exhausted his administrative remedies with the Bureau of Prisons or show that 30 days have passed since he made his compassionate release request. *See Huitt*, 2021 WL 2226486 at *1. Defendant has done neither.

"The purpose of the statutorily-mandated exhaustion period is clear: to provide BOP with the first opportunity to evaluate a prisoner's request. Congress determined that BOP, not the Court, is better positioned to first evaluate a defendant's request and consider whether modification of a term of imprisonment is appropriate." *United States v. Beahm*, No. 1:05-CR-249, 2020 WL 4514590 at *1 (E.D. Va. Aug. 5, 2020). Additionally, subsequent motions for compassionate release must individually satisfy the exhaustion requirement. *Huitt*, 2021 WL 2226486 at *2 ("Construing the exhaustion requirement as motion-specific is consistent with § 3582(c)(1)(A)'s plain language and statutory framework."); *United States v. Cain*, No. 1:16-cr-00103-JAW-1, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (finding a defendant's "one-time compliance with the exhaustion requirement . . . does not carry forward in perpetuity to all his subsequent compassionate release motions."). Defendants must therefore demonstrate renewed compliance with the exhaustion requirements with each compassionate release motion filed. *See Memsen*, 2022 WL 1494992 at *2.

Defendant has not met his burden of showing that he has exhausted his administrative remedies with the Bureau of Prisons, nor has he shown that 30 days have passed since making a request for compassionate release specific to this most recent request. While Defendant made a

4

similar request for compassionate release in 2021, he was incarcerated in a different prison under a different warden. As determined by Congress, Defendant's current warden at FCI Beaumont must first initially assess Defendant's request for compassionate release to comply with the exhaustion requirements in § 3582(c)(1)(A).

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. No. 101) is **DENIED**.

Signed: September 23, 2024

Graham C. Mullen
United States District Judge